UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>John A. Rossop and Margo H. Parker</u>

         v.                              Civil No. 13-cv-112-PB
                                         Opinion No. 2013 DNH 172
<u>Bank of America Corporation, et al.</u>



<u>MEMORANDUM AND ORDER</u>


    This case arises from two loans obtained by plaintiffs John

Rossop and Margo Parker, both secured by mortgages on the

plaintiffs' home in Hampton Falls, New Hampshire.  The

plaintiffs seek several forms of relief based on a variety of

federal and state law claims relating to the origination and

servicing of their loans, the assignment of their notes and

mortgages, the foreclosure of the senior mortgage, and the sale

of their home at auction.  The only remaining defendant in this

case, American Home Mortgage Services, Inc.,[1] moves for summary

judgment pursuant to Federal Rule of Civil Procedure 56.  I

grant the motion.

_____

[1] American Home Mortgage Services, Inc. is now known as Homeward
Residential, Inc.  Doc. No. 4.  For the sake of simplicity, I
use the former name.

# I.   BACKGROUND

The plaintiffs' complaint includes several unrelated allegations pertaining to two separate home loans and their associated mortgages.  I address each loan before turning to the relevant procedural history.

## A.   The November 19, 2002 Home Loan and Mortgage

As consideration for a $110,000 home loan, John Rossop executed a promissory note on November 19, 2002 payable to First National Bank of Nassau County, now known as CBC National Bank, a wholly-owned subsidiary of Coastal Banking Company, Inc.  Doc. Nos. 21, 22.  At all relevant times, Bank of America, N.A. serviced the loan.  The note was secured by a mortgage on residential property that Rossop purchased with the loan proceeds; First National was named mortgagee.  On November 25, 2002, First National assigned the mortgage to Mortgage Electronic Registration Systems ("MERS") as nominee for Countrywide Home Loans, Inc. and Countrywide's successors and assigns.  On November 12, 2010, MERS assigned the mortgage to Federal National Mortgage Association (Fannie Mae).  Id.  Rossop defaulted on his loan obligations in April 2011.[2]  Doc. No. 1-2.

---

[2] The date of default is listed elsewhere as April 2010.  Doc. No. 20-1.  For the purpose of this order, the precise date is immaterial.

On June 14, 2011, Rossop recorded a warranty deed purporting to jointly deed the property to Rossop and Margo Parker.  Doc. Nos. 21, 22.  On January 24, 2012, Fannie Mae served a Notice of Foreclosure Sale on the plaintiffs informing them that an auction was scheduled for February 23, 2012.  Fannie Mae sold the property on that date to Frank Depippo for $145,391.40. Depippo subsequently assigned his interest in the property to Blue Spruce Ocean Holdings, LLC.  Fannie Mae executed a Foreclosure Deed under Power of Sale on April 6, 2012.  Id. Blue Spruce subsequently leased the property back to the plaintiffs, where they continued to reside for a period of time. Doc. No. 11.

**B.    The August 5, 2004 Home Loan and Mortgage**

On September 30, 2005, H&R Block Mortgage Corp. granted Rossop and Marcia E. Kelly Rossop a second loan of $85,000.00. Doc. Nos. 21, 22.  This loan was secured by a second mortgage on the property, junior in priority to the earlier mortgage, with H&R Block named as mortgagee.  American Home serviced the second loan.  On May 9, 2006, H&R Block assigned the second mortgage to Option One Mortgage Corp.  The second mortgage was never foreclosed; rather, it was extinguished on February 23, 2012 by the foreclosure of the first mortgage.  The second mortgage and

3

the parties associated with it had no further relationship to
the first mortgage and its associated parties.  Id.

C.   **Relevant Procedural History**

On August 6, 2012, the plaintiffs petitioned the New
Hampshire Superior Court seeking a variety of forms of relief in
law and equity against Bank of America, American Home, Coastal
Banking, and Blue Spruce.  Doc. No. 7.  On January 4, 2013, the
court dismissed Blue Spruce.  The remaining defendants removed
the case to this court on March 13, 2013.  Id.  In separate
orders, I granted Coastal Banking's and Bank of America's
motions to dismiss all counts relating to them for failure to
state a claim.  Endorsed Order, Rossop v. Bank of America Corp.,
No. 13-cv-112-PB (D.N.H. July 3, 2013); Endorsed Order, Rossop,
No. 13-cv-112-PB (D.N.H. May 13, 2013).  On July 3, 2013, I
granted American Home's motion to dismiss Counts three, six,
seven, eight, and nine for failure to state a claim.  Endorsed
Order, Rossop, No. 13-cv-112-PB (D.N.H. May 13, 2013).  That
same day, American Home moved for summary judgment on all
remaining counts.  Doc. Nos. 21, 22.  The plaintiffs filed an
objection to the motion on October 22, 2013,[3] Doc. No. 26, to
which American Home timely replied.  Doc. No. 28.

---

[3] In this court, "[o]bjections to summary judgment motions shall

## II. __STANDARD OF REVIEW__

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is considered genuine if the evidence allows a reasonable jury to resolve the point in favor of the nonmoving party, and a fact is considered material if it "is one 'that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Prop. with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, I examine the evidence in the light most favorable to the nonmoving party. Navarro v. Pfizer Corp., 261

---

be filed within thirty (30) days from the date the motion is served. The court shall deem waived any objection not filed in accordance with this rule." LR 7.1(b). In light of the plaintiffs' pro se status, I deferred ruling on the motion despite their failure to respond by this deadline. Endorsed Order, Rossop, No. 13-cv-112-PB (D.N.H. Oct. 3, 2013). Because the plaintiffs still failed to respond within the additional fourteen days I provided to them, "I will assume the truth of the well pleaded facts offered in support of the motion [for summary judgment] and determine whether the motion has merit." Id. This standard of review is appropriate in any event because the plaintiffs' objection and accompanying materials fail to address the material facts noted in the memorandum of law filed in support of American Home's motion. See LR 56.1(b) ("All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party.").

F.3d 90, 94 (1st Cir. 2001).  Given this case's procedural history, however, I "assume the truth of the well pleaded facts offered in support of the motion" for summary judgment.  See supra note 3.

The party moving for summary judgment bears the initial burden of identifying the portions of the record it believes demonstrate an absence of disputed material facts.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In determining what constitutes a material fact, "we safely can ignore 'conclusory allegations, improbable inferences, and unsupported speculation.'"  Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

I hold pro se pleadings to a less stringent standard than those drafted by lawyers and liberally construe them in favor of the pro se party.  See Estelle v. Gamble, 429 U.S. 97, 106 (1979); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  That review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

6

### III.  <u>ANALYSIS</u>

Although frequently difficult to decipher, the plaintiffs'
complaint alleges that the foreclosure sale was invalid due to
fraud and various other violations of state and federal law
relating to the origination and servicing of their first home
loan, the assignment of the associated note and mortgage, and
the conduct of the foreclosure sale itself.  Doc. No. 8.
Because American Home had nothing to do with the first loan and
mortgage or the foreclosure sale, however, it cannot possibly be
held liable, under any conceivable legal theory, for the only
cognizable harm alleged by the plaintiffs – the loss of their
home.[4]  See, e.g., Gikas v. JPMorgan Chase Bank, N.A., 2013 DNH
057, 12 ("[W]hether or not Chase and MERS had standing to
conduct the foreclosure is entirely irrelevant to the validity
of the sale when they did <u>not</u>, in fact, conduct the

---

[4] Reading the complaint quite liberally to also include
allegations that the plaintiffs suffered economic damages as a
result of American Home fraudulently inducing and/or coercing
them to enter into an unconscionable loan agreement in 2005 –
all assertions unsupported by any evidence - I find that these
claims, which arose when plaintiffs began repaying the second
loan, are barred by New Hampshire's three-year statute of
limitations.  See Lehane v. Wachovia Mortg., FSB, 2013 DNH 059,
8-9 & n.5 (citing N.H. Rev. Stat. Ann. § 508:4(I)).  The
plaintiffs also claim that "each of the defendants sued herein
was the agent and employee of each of the remaining defendants,"
Doc. No. 8, but because the plaintiffs have offered no evidence
in support of this "conclusory allegation[]," I do not credit
it.  See Medina-Munoz, 896 F.2d at 8.

foreclosure."); see also Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 666 (1st Cir. 2010) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); N.H. Right to Life PAC v. Gardner, 99 F.3d 8, 13 (1st Cir. 1996)) ("[A] party seeking relief in federal court must show that he has suffered an actual injury, which is fairly traceable to the defendant's conduct . . . ."). The defendants that were associated with these events – Coastal Banking, Bank of America, and Blue Spruce – have already been dismissed from this case. The plaintiffs cannot now force American Home to account for the alleged misdeeds of the former parties over which it had no control.

Although American Home's complete lack of involvement with the first loan and foreclosure is dispositive, I make one brief observation before concluding. The plaintiffs have included in their pleadings numerous newspaper articles, judicial opinions, and other references to irresponsible and unlawful activity carried out throughout the country by certain prominent lending institutions which has seriously harmed many homeowners and exacerbated the nation's current foreclosure crisis. I understand the plaintiffs' anger regarding these events and their suspicion that the loss of their own home to foreclosure

fits within the same pattern.  But without presenting evidence specific to their own circumstances that ties American Home or some other party to unlawful activity resulting in the foreclosure, a court simply cannot grant them relief.  See, e.g., Wallace v. Bank of Am., No. 10-cv-017-JL, 2010 WL 4916570, at *3 (D.N.H. Aug. 30, 2010) ("[C]laims pending and evidence submitted in an unrelated case . . . does not provide any basis for this court to find that [defendant] has violated any law as to [plaintiff]."), rep. & rec. adopted, 2010 WL 4916569 (D.N.H. Nov. 30, 2010); Gilroy v. Ameriquest Mortg. Co., 2009 DNH 030, 6 ("[E]vidence of fraudulent lending practices against others is irrelevant to [a plaintiff's] case.").

## IV.  CONCLUSION

For the foregoing reasons I grant American Home's motion for summary judgment (Doc. No. 21).  The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 17, 2013

cc:  John A. Rossop, pro se
     Margo H. Parker, pro se
     Mark E. Porada, Esq.

9